## BROOKS v. CITY OF BIRMINGHAM et al.

District Court, N. D. Alabama, S. D., at Birmingham. February 27, 1929.

No. 642.

Leader & Ullman, of Birmingham, Ala., for plaintiff.

W. J. Wynn and Horace C. Wilkinson, both of Birmingham, Ala., for defendants.

CLAYTON, District Judge. This cause comes on to be heard upon the motions for interlocutory injunction, and to dismiss the bill for the want of equity. By stipulation of the parties, both motions are heard together, and order and decree is to be entered as in term time.

The bill is to restrain the authorities of the city of Birmingham from prohibiting or interfering with the exhibition of the "movie" picture film designated as "The Road to Ruin." Diversity of citizenship is without dispute, and it is established that the plaintiff is the owner of the film, and that, if he is not allowed to exhibit it in the theater at Birmingham, he will sustain a loss of more than $3,000.

It is contended that the city ordinance under which the municipal authority is exercised by Mrs. Snell, as inspector of amusements of the city of Birmingham, is so vague and uncertain as far as the plaintiff's film is concerned as to be without applicability or force in the instant case. The bill sets out in extenso the city ordinance governing the exhibition of motion pictures, in section 1782 down to section 1785, both inclusive, of the City Code. The exhibition of moving pictures illustrating "the human female in a nude state or condition, or draped or clothed with transparent or partially transparent garments, draperies, or clothing which shows or represents any indecent, obscene, lewd, filthy, vulgar, lascivious, or suggestive act, scene," etc., and it is also made "unlawful to picture, display, illustrate, or represent in any moving picture show, theater, or other place of amusement any scene depicting drunkenness of any female, unless the scene is reduced to a flash, * * * or any scene, picture, or show illustrating, showing, or describing the plying of the trade of procurer, * * * or any seduction scene, or scenes showing or depicting any attempt at the seduction of any person, or any scene or picture depicting or setting forth immoral, unlawful relations of any person or persons of either sex"; and further it is made "unlawful for any person, firm, or corporation to show or illustrate any moving picture show * * * any obscene, filthy, vulgar, profane, or suggestive text, legend, phrase, or verbiage accompanying or describing any moving picture or motion picture film or show."

It is difficult to imagine how a word description of a forbidden picture show could

be more carefully or accurately drawn, in language more comprehensive and more definite in every particular, than that employed in the City Code. The very words used seem to be exhaustive of the descriptive power of the English language. Therefore it must be held that the city ordinances are not invalid because of vagueness and uncertainty.

Even a casual examination of the challenged ordinances discloses that they are an exercise of the state police power—the exercise of such power duly delegated to the municipal corporation—and that such regulations are designed to be promotive of domestic order, morals, health, and safety. Hannibal & St. J. R. Co. v. Husen, 95 U. S. 465, 24 L. Ed. 527. Undoubtedly the governing authority was convinced that the business of exhibting motion picture films might be attended with such public evil as to at once warrant and demand regulation. Here the measures adopted have reasonablé relation to that end, and it is not open to the judiciary to interfere. Only where it clearly appears that the enactment has no real or substantial relation to a proper subject, or is an invasion of rights secured by fundamental laws, the courts will interfere. Purity Extract Co. v. Lynch, 226 U. S. 192, 202, 33 S. Ct. 44, 57 L. Ed. 184. For it is embedded in our jurisprudence that the principles are "established and vital in our constitutional system that the courts may not strike down an act of legislation as unconstitutional unless it be plainly and palpably so." Booth v. Ill., 184 U. S. 425, 431, 22 S. Ct. 425, 428 (46 L. Ed. 623).

The contention that the city enactments are in conflict with the commerce clause of the Constitution (Const. art. 1, § 8, cl. 3) is unsound. It is not denied that the plaintiff's films were manufactured in California and brought by him into this state. No complaint is made upon that score. But conceding that they were lawfully manufactured and lawfully transported in interstate commerce, and are the property of the plaintiff, yet that does not preclude the city from prohibiting the exhibition of the films in the theater. It is to be observed that the city law makes only exhibitors or those permitting exhibitions of unapproved films liable to punishment. The regulations under challenge do not make the importation of films in the state an offense. It seeks to forbid the exhibition of unapproved films, and provides punishment for infraction of the law. The city does not undertake to interfere with interstate commerce, but is attempting to exercise the police power of the state upon things within the state. While neither the state nor the city can trespass upon the exclusive power of Congress over interstate commerce, it is equally important to bear in mind always that the rights reserved to the state must be respected and sedulously guarded in every case which comes clearly within the police power of the state.

It is not necessary to collate the many judicial opinions in instances similar to this case, where the courts have with practical unanimity declined to interfere with the operation of such city ordinances as those here under consideration. Suffice it to say that a United States District Court cannot undertake the very onerous task of becoming the censor in cases like the instant one.

Therefore order will be entered, denying the injunction prayed for and dismissing the bill.